UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETE GURULE**,

    Plaintiff,

v.                                    **CIV NO. 97-0027 RLP/DJS**

**CARL THOMPSON**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court upon Randy S. Bartell's Motion to Quash Return of Service of Process, Allow Withdrawal of Appearance, and Strike Answer Filed on Behalf of Carl Thompson, which motion was filed February 6, 1998 (Docket No. 27). In that motion, Bartell seeks an order allowing him to withdraw his entry of appearance of behalf of Defendant Carl Thompson, quashing the return of service of process as to Thompson, and striking the Answer Bartell filed on behalf of Thompson. Plaintiff opposes the motion.

This case is a civil action brought pursuant to 42 U.S.C. §1983 and the New Mexico Tort Claims Act. Plaintiff asserts that on August 9 and 10, 1995, Defendant Thompson, then a police officer for the city of Bernalillo, New Mexico, swore out a false complaint against him for custodial interference and kidnapping. Plaintiff further alleges that he was arrested upon those charges, which were dismissed fifteen days later.

1

Bartell's motion is supported by affidavits from him, from Laura A. Ward, an attorney in his office, and from Mike Bowen, a private investigator retained by Bartell to locate Defendant Thompson. In addition, Bartell attached documents from the Dorado Heights Apartments located at 11800 Montgomery Boulevard, N.E., in Albuquerque, New Mexico. Plaintiff filed a Return of Service (Docket No. 4) which stated that Defendant Thompson had been served by posting the summons and complaint at "...the Defendants usual place of abode: 11800 Montgomery Blvd, N.E. #2078 ABQ, NM." on July 1, 1997. Bowen's affidavit detailing the results of his investigation as to the whereabouts of Defendant Thompson and the documents from the Dorado Heights Apartments conclusively establish that, while an individual named Carl J. Thompson resided at that address, the Defendant, Carl R. Thompson, III, never lived there. Plaintiff has never effected service upon Defendant Thompson. Fed.R.Civ.P. 4(e).

Defendant Thompson is no longer employed by the City of Bernalillo and has not been employed by the town since December 19, 1995. Plaintiff's counsel informed George Perez, Esq., the City Attorney for the City of Bernalillo, of the suit by mailing him a copy of the complaint and return of service on August 8, 1997. The City could be subject to liability of Thompson's actions under the claims brought pursuant to the New Mexico Tort Claims Act, NMSA 1978 §§41-4-1 to 41-4-29 (1996 Repl. Pamph.). Consequently, Bartell was retained to represent Thompson and filed an answer on August 25, 1997. Thompson contacted Bartell by telephone on September 18, 1997 and informed Bartell that he had not been served and that he did not live at the Montgomery Boulevard address in Albuquerque. Thompson also told Bartell that he did not think he should have to get involved in the lawsuit since he had never been served. Thompson furnished Bartell with home and work telephone numbers and an address, all of which proved false.

Because Thompson was never served and because he does not have authorization to represent him, Bartell seeks to withdraw the Answer which he filed on Thompson's behalf. Plaintiff argues that Thompson has waived service by acquiescing in Bartell's representation, which he has known of since September 18, 1997. Objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion. Fed.R.Civ.P. 12(b). Failure to assert the defense in such a pleading constitutes waiver of those defenses. Fed.R.Civ.P. 12(h)(1). While the defense of ineffective service of process was not raised in the Answer, Bartell filed that pleading before he was able to speak to Thompson and before he was able to determine that service was ineffective. As Plaintiff points out, whether attorney Bartell's actions were authorized is the critical issue regarding this motion. Federal Deposit Insurance Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992).

There is a legal presumption that an attorney has authority to represent the person for whom he appears. Oaklawn Apartments, 959 F.2d at 175 (citations omitted). However, that presumption may be rebutted and the burden of proving that an attorney acted without authorization is not severe. Id. In this case, Bartell's affidavit suffices to rebut the presumption that Thompson authorized Bartell to appear on his behalf.

Plaintiff argues that Thompson failed to reject Bartell's representation when he spoke to Bartell on September 18, 1997. Plaintiff further argues that Thompson has implicitly authorized Bartell's representation by failing to take any affirmative action to negate that representation, despite his knowledge that a suit was pending against him. A practical problem with this argument is Thompson's failure to follow the course of the litigation. Thompson did not even give Bartell a correct phone number by which he could be reached. Rather than sitting back and allowing Bartell

to proceed, Thompson has avoided all contact with this Court and any aspect of the litigation. The very motion by which this matter is brought before the Court has been initiated by Bartell. An agent's authority to act must be established by an act of the principal. Oaklawn Apartments, 959 F.2d at 175; United States v. Ziegler Bolt and Parts Co., 111 F.3d 878, 882 (Fed.Cir. 1997)(citing Oaklawn Apartments). Thompson has engaged in no affirmative act authorizing Bartell's representation. Further, Thompson is not seeking to use Plaintiff's failure to effect service as a shield. Rather, the litigation has essentially suffered a false start because Plaintiff did not effect service and that failure was not discovered for some time due to Thompson's lack of cooperation. Under the circumstances of this case, the Court cannot find that Thompson waived the defense of failure to effect service of process.

Plaintiff argues that he should be allowed an extension of time to attempt to locate and serve Carl Thompson. That request is reasonable and should be granted. If the Court were to dismiss this action without prejudice, Plaintiff's state tort claims would be barred by the applicable two-year statute of limitations. Plaintiff also requests an award of sanctions against Bartell pursuant to 28 U.S.C. §1927 in the amount of his reasonable attorney's fees and costs.

As an initial matter, the Court notes the inequity of Plaintiff's request. Although Bartell proceeded with litigation for four months and Plaintiff may be required to re-litigate various aspects, it was Plaintiff's failure to adequately investigate and assure that they served the proper person which precipitated the current state of affairs. Further, discovery in this matter has hardly proceeded at a blistering pace, Plaintiff has served one set of interrogatories upon Defendant, no other paper discovery has been conducted.

Regardless of the equity of Plaintiff's request, it must be denied as a matter of law. 28 U.S.C.

§1927 requires intentional, vexatious conduct on the part of the sanctioned party. Trulis v. Barton, 107 F.3d 685, 692 (9th Cir. 1995). Further, an attorney is only subject to §1927 sanctions if he acts recklessly or with indifference to the law. Trulis, Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987). The facts in this case do not indicate such conduct on the part of Bartell.

**IT IS THEREFORE ORDERED** that Randy S. Bartell's Motion to Quash Return of Service of Process, Allow Withdrawal of Appearance, and Strike Answer Filed on Behalf of Carl Thompson is granted.

**IT IS FURTHER ORDERED** that Randy S. Bartell is hereby authorized to withdraw his entry of appearance on behalf of Carl Thompson and withdraw as Thompson's attorney.

**IT IS FURTHER ORDERED** that the Answer filed by Randy S. Bartell on behalf of Carl Thompson, Docket No. 9, is stricken.

**IT IS FURTHER ORDERED** that Plaintiff's Return of Service upon Carl Thompson, Docket No. 4, is hereby quashed.

**IT IS FURTHER ORDERED** that Plaintiff shall have ninety days from the entry of this Order to effect service upon Carl Thompson. All discovery in this matter is hereby stayed for ninety days and existing pre-trial deadlines are vacated. The parties shall notify the Court if service is effected before the close of the ninety day period.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**